## WILSON v. FULLIAM ET UX.

1. **Receipt:** ALTERATION IN. Evidence considered which was held to establish an alteration in a receipt.

*Appeal from Muscatine District Court.*

TUESDAY, DECEMBER 10.

ACTION to foreclose a mortgage given by the defendants to the plaintiff's testator, Edward Negus, to secure three prom-

issory notes, for six hundred dollars each, executed by the defendant Elizabeth Fulliam, the wife of the defendant George W. Fulliam. The notes were dated August 13, 1873, and made payable in one, two and three years respectively. The first note was paid and surrendered. The action is brought upon the last two. The only question made in the case is in regard to an alleged payment. In December, 1873, an indorsement of seventy dollars was made upon the first note, and there is no dispute between the parties in regard to its correctness. But the defendants claim that in the same month they paid, in addition to the sum of seventy dollars thus indorsed, the further sum of three hundred and seventy dollars, and in support of that claim they introduced in evidence a receipt, which is in these words:

"Muscatine, December 17, 1873.

"Received of Elizabeth Fulliam three hundred and seventy dollars, on a note due August, 1874.

"Ellwood Negus."

The plaintiff claims that the receipt was given for only seventy dollars, and for the same seventy dollars which is indorsed on the note, and that the figure 3 after the sign of dollars has been wrongfully interpolated since the receipt was given. The court found for the plaintiff upon this point, and rendered judgment and decree accordingly. The defendants appeal.

*Richman & Carskaddan*, for appellant.

*Brannan & Jayne*, for appellee.

Adams, J.—The plaintiff claims that the date of the receipt and the date of the indorsement are the same, to-wit: December 17, 1873. The defendants claim that the date of the indorsement is December 7, 1873. The note is submitted to us for inspection, but the fact is that a small piece has disappeared from the body of the note

1. RECEIPT: alteration in.

where the figure 1 might have been written. As the piece thus wanting is not dissimilar in size and shape to what the figure would naturally have been, we have to say that it appears very much as if the removal were done by design. Upon close inspection it appears to us also that an ink spot remains which might have been the bottom of a figure 1.

There is another circumstance tending to show that the date of the indorsement is December 17th, and not December 7th. On the 31st day of August, 1874, the defendants paid ninety-eight dollars and eighty-three cents as the balance due on the note. The note had been left with a certain bank for collection, and the bank clerk testifies that he computed the interest, and found the amount due on that day. There had been three indorsements upon the note, viz.: Three hundred dollars, September 18, 1873; one hundred and fifty dollars, November 21, 1873; and the indorsement of seventy dollars. Assuming the date of the last indorsement to be December 17, 1873, and computing the interest to each payment, and deducting the payment, the amount due August 31, 1874, if we have made no error, was ninety-eight dollars and eighty-five cents, or only two cents more than the amount found due by the bank clerk, and paid by defendant. We regard this as a circumstance tending to show that at that time the date of the indorsement of the seventy dollars appeared to be December 17th.

Again, the language of the indorsement is very peculiar, and tends to confirm us in our conviction that it was made at the time the receipt was given. It appears to us to have been copied from it. The indorsement is in these words: "Received, Elizabeth Fulliam, seventy dollars, *on a note due August, 1874*." The words used to identify the note were superfluous, and we do not think that they could have been added from any supposed necessity, and we see no way to account for them except to suppose that they were copied from the receipt.

It is true that the defendant George W. Fulliam testifies

that there were two distinct payments—one for seventy dollars, made December 7th, and one for three hundred and seventy dollars, made December 17th. He says that he made the payments, took the receipt in question, and that it has not been changed. But his credibility is very greatly impaired, if not entirely destroyed, by circumstances already partly detailed. On the 17th of December there was due on the first note only eighty dollars, and a little interest; yet, according to his theory, he paid on that day three hundred and seventy dollars, and took a receipt for it as a payment made wholly upon that note. This circumstance alone we should not be disposed to regard as of very great importance, because he was owing other notes, and might have been careless in regard to the language of the receipt. But the note paid was not taken up. Now we cannot suppose that Fulliam did not know that three hundred and seventy dollars would much more than pay the first note, and no good reason is shown why the note was not taken up. It was not only allowed to remain outstanding, but a few months afterward the defendant paid it again. The amount due was computed precisely as if no payment of three hundred and seventy dollars had been made, and the amount found due by such computation was paid without a word of complaint. Not only that, but at the same time, as appears, interest was paid on the last two notes precisely as if no payment of three hundred and seventy dollars had been made, when in fact, according to defendant's theory, nearly three hundred dollars of the three hundred and seventy dollars was paid on the second note.

The counsel for the defendants claim that this was mere carelessness, or that the defendants might have supposed that the whole matter could be properly adjusted when the last note should be taken up.

That this transaction should have been the result of mere carelessness is to us incredible; nor are we disposed to believe that the defendants relied upon having a general adjustment when the last payment should be made. This

Wilson v. Fulliam.

supposition, under the peculiar circumstances of the case, would have involved carelessness equally incredible. When Fulliam took up the first note he testifies that he tore up the note and threw it away, and that it was only by the advice of counsel, after the commencement of this action, that he collected the scattered pieces and pasted them together. Now the defendants were holding a receipt for three hundred and seventy dollars, as they claim, showing a payment solely upon the first note. They pay the note wholly otherwise, in four different payments, take up the note, tear it up and throw it away, expecting, according to their theory, that some two years later, when all the parties might be dead, a receipt for payment purporting to be made expressly upon the first note would be allowed upon a subsequent one, and that, too, with the first note with its indorsements was destroyed.

It is insisted by the plaintiff that the figures 370, as they appear in the receipt, are crowded, and also that the figure 3 does not appear to be in the handwriting of the plaintiff's testator, who it is admitted drew the receipt. Various papers for a comparison of handwriting are shown us. An inspection of them impresses us, although not strongly, with the correctness of the plaintiff's claim. On the other hand we have the testimony of one Knott, who says he was present when the three hundred and seventy dollars was paid and the receipt in question was given, and he thinks it was written as it appears now. But evidence was introduced which satisfies us that the payment which Knott saw made was made later, and on the second note.

In view of all the circumstances as disclosed we are fully satisfied that the receipt was given for a payment made on the first note, according to the express purport of it, and was given for seventy dollars, which was indorsed as of that date, of which the defendants have had the benefit.

AFFIRMED.